

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**07/18/2007**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 07-30933 |
| RICHARD D. GILBERT | § | CHAPTER 7 |
| | § | |
| | § | |
| COMERICA BANK | § | |
| | § | |
| | § | |
| vs. | § | ADVERSARY NO. 07-03221 |
| | § | |
| TORIJ ENTERPRISES, INC. d/b/a | § | |
| AARON'S RENTAL PURCHASE; RITOJ | § | |
| ENTERPRISES, INC.; R.D. GILBERT | § | |
| ENTERPRISES, INC.; RICHARD D. | § | |
| GILBERT; JERRY L. JONES; JANICE | § | |
| JONES; AND THOMAS C. WEINER | § | |

## MEMORANDUM OPINION CONCERNING REMAND
## (DOC # 12)

This adversary proceeding began as a state court lawsuit by Comerica to collect the unpaid balances and other sums due on two notes. Three of the defendants (the "Cross-Claimants") filed cross-claims against four other defendants (the "Cross-Defendants"). Two of the Cross-Defendants (the "Debtors) filed voluntary petitions commencing chapter 7 bankruptcy cases in this Court. The Cross-Claimants (not the Debtors) removed the state court lawsuit to this Court. Comerica moved to remand. For reasons set forth below, the Court remands all claims and causes of action except the claims by Cross-Claimants against Debtors.

### I.  FACTUAL BACKGROUND

Defendant TORIJ Enterprises, Inc. d/b/a Aaron's Rental Purchase ("TORIJ") borrowed money from Comerica Bank ("Comerica") evidenced by two promissory notes. The notes were guaranteed by RITOJ Enterprises, Inc. ("RITOJ"), R.D. Gilbert Enterprises, Inc. ("Gilbert Enterprises"), Richard D. Gilbert ("Debtor-Gilbert"), Jerry Jones ("Debtor-Jones"), Janice Jones, and Dr. Thomas Weiner ("Weiner").

TORIJ failed to pay the notes.

### II.  PROCEDURAL BACKGROUND

Comerica filed suit in the 127th Judicial District Court of Harris County ("State Court") on October 19, 2004 against the makers and the guarantors of the notes. The State Court granted Comerica's Motion for Summary Judgment against Weiner.

On November 7, 2005, TORIJ, RITOJ, and Weiner filed cross-claims against defendants Gilbert Enterprises, Debtor-Gilbert, Debtor-Jones, and Janice Jones asserting claims for fraud, negligent misrepresentation, negligence, negligent supervision, violations of the Texas Deceptive Trade Practices Act, breach of fiduciary duty, civil conspiracy, breach of contract, and promissory estoppel.  In essence, Cross-Claimants assert that Cross-Defendants were responsible for failure to pay the notes.

On November 7, 2006, Debtor-Jones filed a voluntary bankruptcy petition commencing case number 06-36265 in this Court under chapter 7 of the Bankruptcy Code.  On February 5, 2007, Debtor-Gilbert filed a voluntary bankruptcy petition commencing case number 07-30933 in this Court under chapter 7 of the Bankruptcy Code.

The State Court stayed the state court lawsuit on account of the bankruptcy filings.

Cross-Claimants filed adversary proceeding 07-3034 against Debtor-Jones on February 5, 2007.  The adversary proceeding asserts essentially the same debt as Cross-Claimants asserted in their cross-claims, but adds an allegation that those debts are not dischargeable.

Cross-Claimants filed a Notice of Removal under 28 U.S.C. §1452, removing this state court lawsuit to this Court on April 27, 2007.

Cross-Claimants filed adversary proceeding 07-3239 against Debtor-Gilbert on May 10, 2007.  The adversary proceeding asserts essentially the same debt as Cross-Claimants asserted in their cross-claims, but adds an allegation that those debts are not dischargeable.

Comerica moved to remand this adversary proceeding to state court.

### III.   DISCUSSION

The bankruptcy removal statute (28 U.S.C. § 1452) provides for removal of claims and causes of action, not for removal of cases.  And 28 U.S.C. § 1452(b) provides:

> The court to which such claim or cause of action is removed may remand such claim or causes of action on any equitable ground.

There are essentially four disputes in this removed suit, some of which are also the subjects of claims in bankruptcy cases and other adversary proceedings in bankruptcy cases.

1. First there is a suit on promissory notes and guarantees by Comerica against Weiner, TORIJ, RITOJ, Gilbert Enterprises, and Janis Jones (who are not debtors in bankruptcy).
2. Second, there is a suit by Comerica on guarantees of promissory notes against Debtor-Jones and against Debtor-Gilbert.
3. Third, there is a suit by Weiner, TORIJ, and RITOJ against Gilbert Enterprises and Janice Jones.

      4.      Fourth, there are suit/nondischargeability actions by Weiner, TORIJ, and RITOJ against Debtor-Jones and against Debtor-Gilbert.

There is only the slimmest argument for bankruptcy jurisdiction over the first and third disputes.  In theory, if the claimants in those disputes recover against the defendants, then their claims in these bankruptcy cases might be reduced since they are only entitled to a single recovery on their claims.  However, in both the Jones bankruptcy case and the Gilbert bankruptcy case, the Trustee has determined that the cases are no-asset cases in which distributions will not be made to unsecured creditors.  Therefore, even that slim argument is purely theoretical.  The Court has no jurisdiction over the first and third disputes since neither debtors nor property of the estate are involved and the outcome of those disputes has no potential impact on the bankruptcy cases pending in this Court.

Bankruptcy courts do not have supplemental jurisdiction.  *In re TXNB Internal Case*, 483 F.3d 292 (5th Cir. 2007) (citing *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 570 (5th Cir.1995).  Therefore, even though the Court has jurisdiction over the second and fourth disputes, and even though those disputes might have common issues of law or fact with the first and third disputes, this Court simply does not have jurisdiction.

Because the Court does not have supplemental jurisdiction it can exercise over the first and third disputes, the Court would ordinarily be compelled to recommend withdrawal of the reference to the district court which does exercise supplemental jurisdiction.  But the bankruptcy issues (dischargeability of claims) can be left before this Court.  And the first and third disputes are issues of state law that would not otherwise have been brought before the federal court but for the bankruptcy case.  Furthermore, the disputes are easily severed between the state law claims against non-debtors and the bankruptcy matters.  Equity weighs in favor of remanding the first and third disputes to state court as the most convenient forum rather than withdrawing of the entire case.

Therefore the first and third disputes will be remanded to state court.

The second dispute is stayed by Bankruptcy Code § 362 and eventually will be stayed by the discharge, § 524.  If and when there is a need to file a proof of claim in this Court, that will be the appropriate way for Comerica to proceed.  Therefore, the second dispute is not remanded.

The fourth dispute is a core matter (dischargeability of particular debts--28 U.S.C. § 157(b)(2)(I)).  The determination of the dischargeability of those claims under § 523(a)(2), (4), or (6) is within the exclusive jurisdiction of this Court.  11 U.S.C. § 523(c)(1).

Therefore, the fourth dispute is not remanded.

## IV.  CONCLUSION

A separate order will be issued remanding the first and third disputes.

SIGNED 07/18/2007.

WESLEY W STEEN
United States Bankruptcy Judge